# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**HOSEY FLEMING**                                                                           **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 2:09CV11-P-A**

**TUNICA COUNTY, et al**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court on the Tunica defendants' Motion for Summary Judgment [16]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

## FACTUAL BACKGROUND[1]

In 2002 Hosey Fleming committed a felony gaming violation at a local casino. The Mississippi Gaming Commission presented the matter to a grand jury in 2003 and an indictment issued subsequent thereto.

In July 2007, the Tunica County Sheriff's department arrested Fleming based on the outstanding indictment. At his arraignment, the presiding judge appointed an attorney to represent Fleming; Fleming remained in the custody of Tunica County until October 15, 2007. At that time, he appeared before Circuit Court Judge Charlie Webster and entered a guilty plea. He was sentenced to a $100 fine, costs and a year of probation to be served under the supervision of the Mississippi Department of Corrections.

---

[1] As is required in ruling on a motion for summary judgment, the facts are stated in the light most favorable to the plaintiff.

At the conclusion of the plea hearing, Tunica County Jailor Charlie Wright transported Fleming back to the county jail to await processing. On October 18, 2007, the Circuit Clerk of Tunica County received the Judgment and Sentencing Order on Fleming; on October 24, 2007 the Clerk issued a notice of criminal disposition to the Mississippi Department of Corrections. The executed copy of Fleming's Judgment and Sentencing Order reflects that he met with his probation officer and signed his acceptance of the terms and conditions of probation on March 3, 2008, at which time he was released.

Fleming filed suit against Tunica County, Sheriff K.C. Hamp, Deputy Sheriff Charlie Wright[2] (the Tunica defendants), Department of Corrections Commissioner Christopher Epps and the State of Mississippi asserting a right to recover under 42 U.S.C. § 1983 and state law for what he contends was an unlawful restraint of his liberty between October 18, 2007 and March 3, 2008. In lieu of filing a responsive pleading, the Tunica defendants filed a motion for summary judgment. The motion has been fully briefed and the Court is ready to rule.

## STANDARD OF REVIEW[3]

Rule 56© of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is

---

[2] Fleming named Hamp and Wright in both their individual and official capacities. However, the official capacity claims are tantamount to claim against Tunica County, already named as a defendant. Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir. 2005). Accordingly, the Court will address only the claim against defendants Hamp and Wright in their individual capacities.

[3] Defendants also move for dismissal pursuant to F.R.C.P. 12(b)(6). However, inasmuch as the defendants rely on materials outside the pleadings, the Court chooses to address the merits of the motion under the aegis of F.R.C.P. 56.

2

entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. Of T. for State C. & U., 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson

v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." John, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980).

LEGAL ANALYSIS

I. 42 U.S.C. § 1983

    A. Claims Against Defendants Hamp and Wright

The individual defendants, Sheriff K.C. Hamp and Deputy Sheriff Charlie Wright, seek summary judgment on Fleming's constitutional claim on the basis of qualified immunity. The doctrine of qualified immunity protects state officials from damages liability so long as the official's conduct could have reasonably been considered consistent with the rights they are alleged to have violated. Mendenhall v. Riser, 213 F.3d 226 (5th Cir. 2000). It shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986). In order to abrogate the qualified immunity and subject individual officials to potential damages liability, this Court must first conclude that: 1) the defendants' actions violated Fleming's clearly established constitutional rights; and 2) that defendants Hamp and Wright either knew or reasonably should have known their conduct violated Fleming's constitutional rights. The Court retains discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, ___ U.S. ___, 172 L.Ed.2d 565, 129 S.Ct. 808, 818.

5

Fleming's claim is premised on the Fourth Amendment.[4] He urges a right to recover for his continued confinement in the Tunica County Jail notwithstanding his guilty plea and the imposition of a sentence of probation.

Defendants Hamp and Wright's motion for judgment as a matter of law is grounded on the proposition even if Fleming's incarceration amounted to an actionable violation of his liberty interest, they cannot be held accountable therefor. Instead, they maintain that one Fleming pled guilty on October 15, 2007, his status changed as from that of a pretrial detainee in the custody of Tunica County to that of a state inmate awaiting processing. Reference to the various exhibits submitted in support of their motion bear out that position, as does a review of the applicable legal authorities. Jones v. City of Jackson, 203 F.3d 875 (5th Cir. 2000)(An inmate being housed in another jurisdiction from the arresting jurisdiction as part of a housing agreement is "in custody" of the arresting or detaining jurisdiction.); Lee v. State of Mississippi, 437 So.2d 1208, 1209 (Miss. 1983); Garrett v. Attala County, Civil Action No. 4:01CV156-M-B (June 26, 2002). Based on the record evidence and the controlling authorities, the Court concludes that both Sheriff Hamp and Deputy Sheriff Wright [5] are entitled to the protection of qualified immunity.

---

[4] The Amended Complaint also asserts a violation of his rights under the Fourteenth Amendment. However, where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395, 104 L.Ed.2d 443, 108 S.Ct. 1865 (1989).

[5] To the extent that the Amended Complaint purports to state a § 1983 claim against Hamp and/or Wright premised on supervisory liability, that claim must likewise fail. Each government-official must be shown to have violation the Constitution based on his own individual conduct. In order to demonstrate that the conduct of a supervisor violated his constitutional rights, a plaintiff must allege a failure to train or supervise claim and show that:

6

B. <u>Monell</u> Claim Against Tunica County

Fleming's claim against Tunica County fails for the same reason as his claims against the individual defendants Hamp and Wright because Fleming "belonged" to someone else–the Mississippi Department of Corrections. Accordingly, Tunica County is entitled to summary judgment with regard to plaintiff's § 1983 claim against it.

II. State Law Claims

Fleming also seeks recovery pursuant to the provisions of the Mississippi Tort Claims Act for false imprisonment and violation of his rights under the Mississippi Constitution. The Tunica defendants assert a right to the immunity from liability afforded under various subsections of <u>Mississippi Code Annotated</u> § 11-46-9(1)©, (d), (e), (f), (h), and (m) (Supp. 1997). The statute provides in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
>   (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
>
>   (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;

---

"(1) the supervisor either failed to supervise or train the subordinate official; 2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and 3) the failure to train or supervise amounts to deliberate indifference." Finally, the plaintiff must prove that the supervisory official "had subjective knowledge of a serious risk of harm" to the plaintiff. <u>Atteberry v. Nocona General Hosp.</u>, 430 F.3d 245, 255 (5th Cir. 2005). The record before the Court fails to demonstrate a genuine issue of material fact as to any of the foregoing elements.

(e) Arising out of an injury caused by adopting or failing to adopt a statute, ordinance or regulation;

   (f) Which is limited or barred by the provisions of any other law;

   . . .

   (h) Arising out of the issuance, denial, suspension or revocation of, or the failure or refusal to issue, deny, suspend or revoke any privilege, ticket, pass, permit, license, certificate, approval, order or similar authorization where the governmental entity or its employee is authorized by law to determine whether or not such authorization should be issued, denied, suspended or revoked unless such issuance, denial, suspension or revocation, or failure or refusal thereof, is of a malicious or arbitrary and capricious nature;

   (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed . . . .

Miss. Code Ann. § 11-46-9(1)©, (d), (e), (f), (h), and (m) (Supp. 1997). The foregoing subsections afford numerous grounds for immunity given the circumstances of the instant case. The most obviously applicable appear to be those related to the execution of duties related to police protection, the performance of a discretionary function or duty and prohibiting claims by inmates. Fleming has offered neither evidence nor a plausible legal argument for rejecting the Tunica defendant's right to immunity under the MTCA. Accordingly, the defendants are entitled to judgment as a matter of law on Fleming's state law claims.

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that the Tunica defendants' Motion for Summary Judgment [16] is well-taken and should be granted. An Order will issue accordingly.

This the 23rd day of November, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE